UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK EDWIN GUIDA, TDCJ No. 1984879, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:20-cv-390-B |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case recommending that the petitioner, Mark Edwin Guida's ("the petitioner") petition for a writ of habeas corpus be denied. Doc. No. 21. The Court entered an order accepting the recommendation and entered a judgment denying the petitioner's habeas application. Doc Nos. 22, 23. After the Court entered its judgment, it received the petitioner's objections to the FCR. Doc. No. 24. In response to a motion for a rehearing moving the Court to vacate its judgment and to consider the FCR *de nevo* in light of the objections, the Court vacated its prior judgment.

The Court has now reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge.

The Court addresses the petitioner's specific objections below.

**A. Objections related to the failure-to-file-a-suppression-motion ineffective assistance of counsel "IAC" claim.**

The petitioner claims that his trial counsel was ineffective for not moving to suppress evidence uncovered from an allegedly illegal search of his cell-phone. Doc. No. 3 at 6. More specifically, the petitioner claims that his Fourth Amendment rights were violated when the lead detective "snatched" his cell phone from his hands without a warrant prior to his arrest during his initial interrogation and then searched the data stored in the phone to see evidence of the petitoner's financial transactions. *See* Doc. No. 24 at 2. Through this "search" of the phone, the lead detective was able to see that the petitioner made a transaction at a gas station, which then prompted the lead detective to get video footage and other evidence from that gas station showing the petitioner purchasing gasoline and gas cannisters hours before the victim was found in a burning vehicle. This gas station transaction evidence was part of the evidence supporting the petitioner' arrest, and the petitioner claims his trial counsel was ineffective in not moving to suppress it.

The Magistrate Judge found that this claim was procedurally defaulted and that the petitioner failed to show cause and prejudice to excuse the procedural default. The petitioner makes five specific objections in relation to the Magistrate Judge's analysis of this claim. *See* Doc. No. 24 at 1-7.

First, the petitioner argues that the Magistrate Judge used an incorrect standard of review in evaluating whether he showed cause for his procedural default puruant to *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* "furnishes a narrow avenue for circumventing a procedural default but only for claims of ineffective assistance of counsel." *Brown v. Director*, TDCJ-CID, No. 3:19-cv-2301-L-BN, 2022 WL 509352, at *5 (N.D. Tex. Jan. 28, 2022). To show cause for a procedural default under *Martinez*, "the petitioner must show (1) that his claim of ineffective assistance of counsel at trial is

'substantial' (i.e. 'has some merit'); and (2) that his habeas counsel was ineffective for failing to present those claims in the first state habeas application." *In re Edwards*, 865 F.3d 197, 207-08 (5th Cir.), *cert denied*, 137 S. Ct. 909 (2017) (quoting *Beatty v. Stephens*, 759 F.3d 455, 465-66 (5th Cir. 2014)). An IAC claim is "substantial" for purposes of *Martinez* when it has "some merit." *See*, *e.g.*, *Guevara v. Stephens*, 577 F. App'x 364, 370 (5th Cir. 2014) (per curiam) (citation omitted). And in deciding whether a claim has "some merit," the federal habeas court reviews the claim *de novo* and not pursuant to the deferential standards of 28 U.S.C. § 2254(d), which are used to evalaute federal habeas claims that were adjudicated on the merits in state court. This is because there is no decision of the state court to which to defer.

In setting forth the legal standard governing whether the petitioner's failure-to-file suppression motion IAC claim had "some merit," the Magistrate Judge first set out the general standard for evaluating IAC claims from *Strickland v. Washington*, 466 U.S. 668 (1984). Doc. No. 21 at 15-16. The Magistrate Judge, in the same section, set out the deferential standard of review for evaluating IAC claims adjudicated on the merits in state court under 28 U.S.C. § 2254(d). *See id.* at 16-18. The petitioner claims that this means the Magistrate Judge used the wrong standard in evalauting his *Martinez* argument.

But there is no indication that the Magistrate Judge actually used 28 U.S.C. § 2254's deferential standard of review in evalauting whether the failure-to-file-a-suppression-motion IAC claim had "some merit." It is unclear how such a standard could actually be used when the state court did not adjudicate the claim on the merits in the first place. Instead, review of the Magistrate Judge's analysis shows that he did not defer to the state court and instead thoroughly analyzed whether the petitioner showed that the suppression motion that he says his trial counsel should have

made had merit and likely would have been granted. *See id.* at 19-27. This is in contrast to the Magistrate Judge's treatment of the petitioner's other IAC claims that the state habeas court adjudicated on the merits. When analyzing those claims, the FCR clearly applied 28 U.S.C. § 2254(d)'s standard of review and asked whether the Texas Court of Criminal Appeals's ("TCCA") rejection of the claims was an unreasonable application of *Strickland*. *See*, *e.g*, *id.* at 27-36. The Magistrate Judge did not use an incorrect standard of review.

Next, the petitioner claims that the Magistrate Judge should have ordered the State to comply with his order directing it to produce video footage, introduced at the state trial, of the petitioner's interrogation before arrest, which supposedly showed the detective "snatching" the petitioner's cell-phone and "execut[ing] a warrantless, illegal search of date stored on the phone." Doc. No. 24 at 2. The petitioner argues that the State's response to the order—production of only volume two of the exhibit introduced at trial, which did not show the alleged search—is an obstruction of justice and resulted in a "premature" recommendation. *Id.* at 3. The petitioner speculates that the State is "clearly hiding evidence of wrondoing that the [State] wishes this Court not to see."[1] *Id.*

"Because federal district courts reviewing habeas petitions are not acting as courts of appeal for state convictions, they are not required to review the state record 'in its entirety.'" *Decloues v.*

---

[1] As will be seen below, analysis of this objection also encompasses the petitioner's other objections related to the failure-to-file-a-suppression-motion IAC claim: that the Magistrate Judge construed *Riley v. California*, 573 U.S. 373 (2014) too narrowly, that the petitoner's counsel was ineffective in not filing a suppression motion, and that the Magistrate Judge was incorrect in finding that the petitioner's claim was not a "substantial claim" for purposes of *Martinez*. *See* Doc. No. 24 at 3-8.

*Vannoy*, 735 F. App'x 132 (5th Cir. 2018) (per curiam) (quoting *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986)). "Choosing whether to do so is left to the judge's discretion." *Id.* "A court may make its habeas decision after reviewing only the relevant portions of the state record." *Id.* (citing *Dillard*, 780 F.2d at 513). The Fifth Circuit has affirmed the denial of habeas petitions when the federal court did not have the complete record from the state court. *See Valdez v. Cockrell*, 274 F.3d 941, 956 (5th Cir. 2001). In *Valdez*, the federal district court did not have some of the exhibits from the state court record. *Id.* at 956-57. However, those it did have "form[ed] the basis for Valdez's central contention" and placed before the court materials essential to review the state court's decision. *Id.* at 956. And in *Dillard*, the court found no error when the district court reviewed only abbrieviated transcripts and certain portions of the state court record because, in part, Dillard had not shown "prejudice." 780 F.2d at 513; *see also Tabler v. Stephens*, 588 F. App'x 297, 308 (5th Cir. 2014) (holding that the district court had adequately considered the claims presented because Tabler was unable to show prejudice from an incomplete trial transcript).

But in *Decloues*, the Fifth Circuit found that the district court should have ordered production of a video recording of the petitioner's confession, which he challenged as involuntary. *See Decloues*, 735 F. App'x at 132. The court noted that under AEDPA, "'state court fact findings may not be entitled to the same deference when the federal habeas record does not contain that portion of the state court record that it is required to establish the sufficiency of the evidence to support the state court's fact finding.'" *Id.* at 133. (quoting *Magouirk v. Phillips*,144 F.3d 348, 362 (5th Cir. 1998)). Indeed, the court found that meaningful review of the petitioner's habeas claims required review of the video evidence even though "the court had before it multiple second-hand accounts" because "there is no substitute for video evidence." *Id.* (citing *Scott v. Harris*, 550 U.S. 372,

378-81 (2007)). The court also noted that the fact that the "video led the state trial judge to view the waiver as a close one confirms its importance." *Id.*

The Court concludes that this case, although it involves video evidence, is closer to cases like *Dillard* and *Tabler* because, as explained below, the petitioner has not shown prejudice from the Court's failure to view the video. Unlike in *Decloues*, the video evidence in the petitioner's case is not necessarily determinative on the ultimate issue of whether his counsel was ineffective for failing to file a suppression motion.

Again, the central issue for purposes of whether the petitioner procedurally defaulted this IAC claim is whether it is a "substantial claim" under *Martinez*. An IAC claim is "substantial" when the prisoner demonstrates that the "claim has some merit." *Martinez*, 566 U.S. at 14. (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue)). This means that the claim has some legal and factual support. *Id.* at 16. "For this reason, the inquiry into whether a petitioner's IAC claim is 'substantial' is inextricably bound up with whether he has made the necessary showing under the *Strickland* standard that (1) 'counsel's performance was deficient,' and (2) 'that the deficiency prejudiced the defense.'" *Gray v. Davis*, No. 1:11-cv-630 (AJT/TCB), 2014 WL 2002132, at *5 (E.D. Va. May 13, 2014) (citing *Jackson v. Kelly*, 650 F.3d 477, 493 (4th Cir. 2011)) (further citation omitted). To count as deficient or objectively unreasonable, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "And to establish prejudice, a defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Andrus v. Texas*, 140 S. Ct. 1875, 1881 (2020) (per curiam) (quoting *Strickland*, 466 U.S. at 694).

More particularly, in the context of an IAC claim premised upon the failure to file a suppression motion, a determination of ineffectiveness "depends on whether either a suppression motion or objection would have been granted or sustainend had it been made." *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). The petitioner must show "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *see also Grueninger v. Director, Virginia Dep't of Corrections*, 813 F.3d 517, 525 (4th Cir. 2016) (noting that the prejudice component of *Strickland* analysis in the context of a claim based on the failure to file a suppression motion requires the petitioner to show both "(1) that the motion was meritorious and likely would have been granted, and (2) a reasonable probablity that granting the motion would have affected the outcome of the trial") (citing *Kimmelman*, 477 U.S. at 375; *Tice v. Johnson*, 647 F.3d 87, 107-08 (4th Cir. 2011)).

Here, the Magistrate Judge found that the petitioner could not establish that his failure-to-file-a-suppression-motion IAC claim had "some merit" for three independent reasons. First, on the record before him, the Magistrate Judge determined that it was unclear that the petitioner could show a privacy interest in financial records on his phone because there was some indication from the lead detective's testimony in a suppression hearing that the petitioner was viewing these records in front of the detective. It is this determination that the petitioner mostly contests, arguing that the case upon which the Magistrate Judge primarily relied, *United States v. Morgan*, 842. F.3d 1070 (8th Cir. 2016), is factually distinguishable.[2]

---

[2]Because the Court finds that the petitioner has failed to show prejudice even assuming an illegal search and even assuming that a suppression motion would have been granted, the

But the Magistrate Judge also made two other findings related to prejudice that the petitioner fails to substantively address. The Magistrate Judge found that even if there was an illegal search of the petitioner's phone, the inevitable discovery exception might have applied because the financial information likely would have been discovered anyways based on testimony from the detective that the petitioner voluntarily gave him the numbers from his debit or credit card. *See* Doc. No. 16-2 at 17. Further, the Magistrate Judge found that, even if the petitioner could show that a suppression motion had merit and would have granted, he has not shown prejudice because he has not shown a reasonable probability that granting the motion would have affected the outcome of the trial. *See*, *e.g.*, *Kimmelman*, 477 U.S. at 375. As the Magistrate Judge noted, other evidence besides the gas station transaction supported the guilty verdict: the victim, the petitioner's girlfriend, was found in a burning vehicle with license plates registered to the petitioner; a subsequent autopsy showed that the victim's death was caused by strangulation, which, according to testimony at trial, is most prevalent when the victim knows the assailant[3]; the location data in the petitioner's cell phone records was consistent with the State's theory that the petitioner killed the victim, drove her car to a gas station to purchase gas while her body was inside the car, and then drove to the location where the burned car was found; the victim's son testified that, on the day of the murder, he looked under the door to the victim's bedroom and saw the petitioner on top of the victim, fighting; the victim's son testified that he heard the victim say that she could not breath, and then she stopped moving and was silent; and the petitioner testified in his own defense and admitted lying to the lead detective

---

Court need not and does not address whether, on the record before the Court, an illegal search occurred.

[3]*See* Doc. No. 12-23 at 48.

during the interview, but offered a new version of events in which he denied killing the victim. *See Guida v. State*, 2016 WL 2905147, at *2 (Tex. App.—Dallas May 13, 2016, pet ref'd).

Again, to obtain habeas relief on this IAC claim, it is the petitioner's burden to show prejudice; that is a reasonable probability that the verdict would have been different had the suppression motion been granted. *See Kimmelman*, 477 U.S. at 375. The petitioner fails to make that showing here. He argues in conclusory fashion that "[w]ithout the illeglly obtained surveilance video, which was a direct result of financial information illegally obtained, it is likely that there would have been a different outcome, as no other credible evidence exists to connect Petitioner to the crime he is accused of committing." Doc. No. 24 at 7. The petitioner fails to explain how the evidence mentioned above is not "credible." And it is not self apparent from the record, either. Nor does the petitioner argue, for example, that the other evidence against him was fruit of the poisonous tree (i.e. the initial cell-phone search). His conclusory argument is insufficent to show prejudice. *See*, *e.g.*, *Green v. Johnson*, 160 F.3d 1029, 1042-42 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.") (citing *Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1998)); *see also Kock v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("Although *pro se* habeas petitions must be construed liberally, "'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'") (further citations omitted).

In sum, the petitioner has failed to show prejudice from the Court not ordering the State to produce (to the extent that it can) the video showing the alleged cell-phone "search," nor has he, because of his failure to show prejudice, shown his IAC claim is a "substantial claim" for purposes of *Martinez*. The Court agrees with the Magistrate Judge that the petitioner has procedurally defauled

his failure-to-file-a-suppression-motion IAC claim.

**B. The petitioner has not shown the state court's rejection of his IAC claim based on the failure of counsel to seek a *Franks* hearing was unreasonable under 28 U.S.C. § 2254(d).**

One of the petitioner's other IAC claims is that his trial counsel was ineffective in not seeking a *Franks* hearing based on statements that the lead detective made in probable cause affivits. Doc. No. 3 at 9. The petitioner presented this claim to the TCCA, which denied it. So, as the Magistrate Judge correctly pointed out, this Court's review of it is pursuant to 28 U.S.C. § 2254(d). And under that section, a federal court may only grant habeas relief on a claim adjudicated on the merits in state court if the state court adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Magistrate Judge found that the petioner failed to make that showing here. The petitioner contests that conclusion in his objections to the FCR. Doc. No. 24 at 8-9. But, on *de novo* review, the Court agrees with the Magistrate Judge.

An affidavit used to support a search or arrest warrant is presumed to be valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). The affidavit's veracity may be attacked by showing deliberate falsehood or reckless disregard for the truth by the affiant. *Id.* "To meet this burden, the challenger must make a substantial showing that (1) allegations in the supporting affidavit were deliberate falsehoods or made with a reckless disregard for the truth, and (2) after the false statements are removed or the improper omissions added, the affidavit is not sufficient to support a finding of probable cause." *Garcia v. Thaler*, Civil Action No. H-08-3673, 2010 WL 793691, at *7 (S.D. Tex.

Mar. 5, 2010) (citing *Moreno v. Dretke*, 450 F.3d 158, 169-60 (5th Cir. 2006)). "The defendant bears the burden of showing, by a preponderance of the evidence, that a mistatement was made with more than mere negligence." *Id.* (citing *United States v. Runyan*, 290 F.3d 223, 234 n.6 (5th Cir. 2002)). If the defendant establishes the allegation of perjury or reckless disregard by a preponderance of the evidence, and the affidavit's remaining content is insufficient to establish probable cause, then "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks*, 438 U.S. at 155-56.

Here, the TCCA rejected this IAC claim because, in essence, it found that "there is nothing in the record that indicates that [the petitioner] can make a nonconclusory allegation that the affiant made any such misstatements intentionally or with reckless disregard for their truth. Allegations of negligent or innocent mistake are insufficient, and the allegations must be more than conclusory. Doc. No. 12-45 at 84-85. And the Magistrate Judge determined that "[t]he record is devoid of evidence that any misstatements were deliberately false or offered with reckless disregard for their truth. And given that lack of evidence, [the petitioner] cannot show that 'the state district judge would have granted a request for a *Franks* hearing or that petitioner would have prevailed had the state district judge held a *Franks* hearing.'" Doc. No. 21 at 34. (citing *Garcia*, 2010 WL 793691, at *7.)

The petitioner presents nothing here to call that finding into question. He argues that the lead detective deliberately falsified that the victim's son heard the victim yell, "stop choking me," and that the victim's son heard gurling sounds during an argument between the victim and petitioner. The petitioner claims that the lead detective knew these statements were inaccurate because the detective stated on the record that he did not speak with the victim's children but instead listened

to their interviews with the Child Advocacy Center, "[b]ut in that Advocacy Interview at no time did the victim's son…state that his Mom yelled 'Stop choking me,' and that [the victim's son] 'heard gurgling sounds.'" Doc. No. 24 at 8.

But the petitioner fails to show how any mistatements were deliberate falsehoods or made with reckless disregard. He argues that "if the detective stated that he did not personally interview [the victim's son], and at no time did [the victim's son] state these two things during the advocacy interview, which is transcribed, these statements were simply made up by the detective in order to secure a warrant." *Id.*

The Court disagrees that that is the only deduction available from the evidence. The TCCA ultimately appears to have concluded that the lead detective might have simply been negligent in including any false statements in the probable-cause affidavit. And the petitioner points to nothing in the state court record conclusively undermining that possibility. He has not shown that the TCCA's rejection of the *Franks* claim justifies habeas relief under 28 U.S.C. § 2254(d).

**C. Conclusion**

Finding no error under its review pursuant to 28 U.S.C. § 636(b), the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the magistrate judge's findings, conclusions, and recommendation filed in this case in support of its finding that the Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists

would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[4]

But, if the petitioner does file a notice of appeal, he must either pay the appellate filing fee of $505.00 or move for leave to proceed *in forma pauperis* on appeal.

**SO ORDERED.**

**DATED: July 26, 2022.**

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[4] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

14